UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

BRICKELL PLACE PHASE II
CONDO. ASSOCIATION, INC.,
a Florida corporation,

      Plaintiff,
V.

QBE INSURANCE CORPORATION,
a foreign corporation,

      Defendant.
_____/

## COMPLAINT

Plaintiff, BRICKELL PLACE PHASE II CONDO. ASSOCIATION, INC. ("BRICKELL PLACE"), by and through its undersigned counsel, hereby files this Complaint against the Defendant, QBE INSURANCE CORPORATION ("QBE"), and in support thereof, states:

### GENERAL ALLEGATIONS

1. This is an action seeking entry of a declaratory judgment, breach of contract (actual cash value), and breach of contract (replacement cost value), seeking judgment for damages in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

2. Pursuant to 28 U.S.C. §1332, this Court has subject matter jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees, and there is complete diversity of citizenship between the parties.

3. At all material times, BRICKELL PLACE has been and remains a corporation organized and existing under the laws of the State of Florida, and was and is authorized to do, and is doing, business in Miami-Dade County, Florida.

4. At all material times, QBE was and is a foreign corporation and insurance carrier that is authorized by the State of Florida pursuant to a letter of eligibility to transact insurance and that is transacting insurance in Miami-Dade County, Florida and throughout Florida.

5. BRICKELL PLACE is the condominium association organized to operate two multi-story, high rise buildings and townhouses located in Miami, Florida. The buildings consists of several condominium units and townhouses, and other improvements (the "Buildings").

6. QBE offered to provide property and casualty insurance coverage (inclusive of, without limitation, windstorm insurance) to BRICKELL PLACE on the Building for the twelve (12) month period commencing January 26, 2005, in consideration for a premium to be paid by BRICKELL PLACE. It accepted such offer and paid the Premium to QBE.

7. QBE issued Insurance Policy No. QF2386-08, which provided commercial lines residential coverage to BRICKELL PLACE for the twelve (12) month period commencing January 26, 2005. True and correct copies of the declaration pages and insurance policy provided to BRICKELL PLACE are attached as **Composite Exhibit "A"** (the "Insurance Contract").

8. The intent and purpose of the Insurance Contract is to provide, without limitation, commercial lines residential coverage to its named insured, BRICKELL PLACE, for the twelve (12) month period commencing January 26, 2005.

9. In 2005, the property covered by the Insurance Contract suffered a covered loss resulting from damages sustained from hurricane winds.

10. BRICKELL PLACE promptly reported the loss associated with the 2005 hurricane damage, and made a claim on the Insurance Contract to QBE.

11. QBE has yet to

12. BRICKELL PLACE has complied with its obligations under the Insurance Contract.

13. Venue lies in the Southern District of Florida because, among other things, the Insurance Contract was entered into and provides insurance coverage for residential property in Miami-Dade

failure to timely adjust, pay and/or settle BRICKELL PLACE's claim; (c) a declaration that the Insurance Contract fails to comply with Section 627.701(1)(a-b), *Florida Statutes* and 627.701(4)(a), *Florida Statutes*; therefore, the provision concerning co-insurance and a separate hurricane deductible are void and unenforceable; (d) that pursuant to the Insurance Contract, and/or Section 718.111(11), Florida Statutes, BRICKELL PLACE has a right to coverage for damages sustained from 2005 hurrican damage to BRICKELL PLACE's windows and sliding glass doors; (e) determining the total amount of the loss and damages caused by 2005 hurricane winds to BRICKELL PLACE; and (f) that BRICKELL PLACE be awarded supplemental relief to fully compensate BRICKELL PLACE for all its hurricane related damages under Chapter 86, Florida Statutes.

23. QBE's actions have raised doubt and insecurity in BRICKELL PLACE regarding: the validity, enforceability and scope of the Insurance Contract; QBE's duty to timely adjust, pay and/or settle BRICKELL PLACE's claims; BRICKELL PLACE's right to coverage for damages to its cooperative property that sustained damage from 2005 hurricane winds; and the validity and enforceability of the co-insurance and separate hurricane deductible provisions of the Insurance Contract.

24. Paragraphs D (Loss Payment) of the Insurance Contract and Section 627.70131, *Florida Statutes,* require QBE to timely adjust, pay and/or settle BRICKELL PLACE's claims for the damages it sustained from 2005 hurricane damage. QBE has failed to adjust, pay and/or settle BRICKELL PLACE's claims. BRICKELL PLACE is entitled to a declaratory judgment that the Insurance Contract and Florida Law requires QBE to timely adjust, pay and/or settle BRICKELL PLACE's hurricane damage claims.

25. The Insurance Contract fails to comply with Section 627.701, *Florida Statutes* because the face of the Insurance Contract does not contain a co-insurance notice as required. Further, the face of the Insurance Contract fails to contain a separate hurricane deductible notice as required and/or fails to comply with the wording and bold faced type size requirements set forth in Section 627.701, *Florida Statutes*.

26. BRICKELL PLACE is entitled to a declaratory judgment that the co-insurance and

separate hurricane deductible provisions of the Insurance Contract are void and unenforceable because the Insurance Contract does not comply with the requirements set forth in Section 627.701(1)(a-b), *Florida Statutes* and 627.701 (4)(a), *Florida Statutes*.

27. BRICKELL PLACE's rights regarding: the validity and enforceability of the Insurance Contract; QBE's duty to determine the full amount of BRICKELL PLACE's losses and damages from 2005 hurricane winds and to adjust, pay and/or settle BRICKELL PLACE's claims for losses and damages from 2005 hurricane winds; and the Insurance Contract's failure to comply with Section 627.701(1)(a-b) and Section 627.701(4)(a), *Florida Statute*, are dependent upon the facts set forth herein or the law applicable to those facts.

28. BRICKELL PLACE and QBE have present, actual, adverse and antagonistic interests in the validity and enforceability of the Insurance Contract, and QBE's duty to timely adjust, pay and/or settle BRICKELL PLACE's claims for losses and damages from 2005 hurricane winds; the coverage provided by the Insurance Contract; and the validity and enforceability of the co-insurance and separate hurricane deductable provision of the Insurance Contract.

29. BRICKELL PLACE and QBE's adverse and antagonistic interests are before this Court by proper process. The relief BRICKELL PLACE seeks is not the mere rendering of legal advice.

30. BRICKELL PLACE has a *bonafide*, present and practical need for a declaration of its rights under the Insurance Contract.

31. BRICKELL PLACE has retained the undersigned attorneys to represent it in this action and is required to pay them a reasonable fee for their services.

32. BRICKELL PLACE has retained undersigned counsel to represent its interests in connection with this litigation and attempting to cause QBE to abide by the terms of the Insurance Contract and is entitled to recover its reasonable attorneys' fees pursuant to Section 627.428, *Florida Statutes,* which provides in pertinent part:

> Upon the rendition of a judgment or decree by any of the Courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under

> a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

WHEREFORE, BRICKELL PLACE requests that the Court enter a declaratory judgment (a) that the Insurance Contract is valid and enforceable; (b) that pursuant to the terms and conditions of the Insurance Contract, BRICKELL PLACE has a valid and enforceable right to coverage and a determination of the total amount of all of the damages BRICKELL PLACE sustained from 2005 hurricane winds notwithstanding QBE's failure to timely adjust, pay and/or settle BRICKELL PLACE's claim; (c) that the Insurance Contract fails to comply with Section 627.701 (4)(a), *Florida Statutes,* therefore the provisions concerning co-insurance and a separate hurricane deductible are void and unenforceable; (d) that pursuant to the Insurance Contract, and/or Section 718.111(11), Florida Statutes, BRICKELL PLACE has a right to coverage for damages sustained from 2005 hurricane related wins to BRICKELL PLACE's windows and sliding glass doors; (e) determining the total amount of the loss and damages caused by 2005 hurricane winds to BRICKELL PLACE; and (f) that BRICKELL PLACE be awarded supplemental relief to fully compensate BRICKELL PLACE for all its hurricane related damages under Chapter 86, Florida Statutes ; and (g) award BRICKELL PLACE its reasonable attorneys' fees pursuant to Section 627.428, *Florida Statutes,* together with taxable costs, prejudgment interest and any other and further relief that the Court deems just, equitable and proper.

## COUNT III- BREACH OF CONTRACT

(Actual and Replacement Cost)

33. BRICKELL PLACE sues QBE for damages in breach of the Insurance Contract (actual cash value), which exceed $75,000 exclusive of interest, costs, and attorney's fees.

34. BRICKELL PLACE realleges and reavers the allegation contained in paragraphs 1 through 14.

35. The Insurance Contract sets forth the rights and obligations of QBE to BRICKELL PLACE with respect to its claim, including among other things, the following pertinent terms and conditions:

D. The LOSS PAYMENT Condition dealing with the number of days within which we must pay for covered loss or damage is replaced by the following:
Provided you have complied with all the terms of this Coverage Part, we will pay for covered loss or damage:

(1) Within 20 days after we receive the sworn proof of loss and reach written agreement with you.

See Composite **Exhibit "A"**.

36. Pursuant to the terms of the Insurance Contract, La GORCE has a contractual right to be paid by QBE for losses or damages caused by 2005 hurricane winds.

37. In 2005, BRICKELL PLACE made a claim to QBE for the losses and damages caused by such hurricane winds and requested to be paid the value for its loss and damages, as provided by the Insurance Contract.

38. Notwithstanding BRICKELL PLACE's claim, QBE has not fully covered BRICKELL PLACE for its damages.

39. QBE materially breached the Insurance Contract by, without limitation, failing to determine the value of the Hurricane Wilma losses or damages to the property of BRICKELL PLACE and by failing to pay BRICKELL PLACE the value of the losses or damages to its property.

40. As a direct result of QBE's breaches of the Insurance Contract, BRICKELL PLACE has suffered monetary damages in the millions. BRICKELL PLACE has also suffered special damages, including, without limitation, the cost of temporary repairs, additional operating expenses, and the loss of value of the Building.

41.     BRICKELL PLACE has retained the undersigned attorneys to represent it in this action and is required to pay them a reasonable fee for their services.

42.     BRICKELL PLACE is entitled to recover its reasonable attorney's fees pursuant to Section 627.428, *Florida Statutes,* which provides in pertinent part:

> Upon the rendition of a judgment or decree by any of the Courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

43.     BRICKELL PLACE is further entitled to recover prejudgment interest pursuant to Section 627.70131, *Florida Statutes.*

WHEREFORE, BRICKELL PLACE demands judgment against QBE for compensatory, special, and all other legally permissible damages, together with pre-judgment interest, costs and attorney's fees under Section 627.428, *Florida Statutes,* and such other relief as this Court deems just, equitable and proper.

## JURY DEMAND

BRICKELL PLACE demands a trial by jury on all claims, defenses, and issues so triable in this entire case.

Respectfully Submitted,

**ALAYON & ASSOCIATES, P.A.**
4551 Ponce de Leon Boulevard

                Coral Gables, Florida 33146
                Phone: (305) 221-2110
                Fax: (305) 221-5321
                Email: ralayon@alayonlaw.com

By:   **S/ Richard A. Alayon**
       Richard A. Alayon, Esq.
       Florida Bar No.: 934290
       Christian Walled, Esq.
       Florida Bar No.: 0035072