UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  10-cv-23045-DLG

BRICKELL PLACE PHASE II
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

QBE INSURANCE CORPORATION,

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS COMPLAINT
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,
FOR INSUFFICIENT SERVICE OF PROCESS
OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT
AND INCORPORATED MEMORANDUM OF LAW**

    The Defendant, QBE INSURANCE CORPORATION, by and through the undersigned counsel, hereby files its Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim Upon Which Relief Can Be Granted or, in the Alternative, Motion for More Definite Statement and Incorporated Memorandum of Law, and states as follows:

    1.    On August 24, 2010, Plaintiff BRICKELL PLACE PHASE II CONDOMINIUM ASSOCIATION, INC., filed a Complaint purportedly seeking declaratory relief and alleging breach of an insurance contract against its commercial property insurer, QBE INSURANCE CORPORATION.

    2.    The Complaint was served on the Defendant on December 2, 2010, via electronic delivery through the Department of Financial Services.

    3.    The Complaint filed with the Court on August 24, 2010, and served on Defendant on December 2, 2010, consist of eight (8) pages numbered 1, 2, 5, 6, 7, 8, 9

CASE NO.: 10-23045-CIV

and 10 and containing paragraphs numbered 1-12 and 23-43, and part of paragraphs 13 and 22. In addition, part of paragraph 11 of the Complaint is missing as paragraph 11 merely alleges "QBE has yet to…"[1]

4. Although paragraph 1 of the Complaint indicates that the action consists of three counts, including declaratory judgment, "breach of contract (actual cash value)" and "breach of contract (replacement cost value)," the only full Count found in the Complaint is Count III, which is captioned "Breach of Contract (Actual and Replacement Cost)."

5. As the Complaint filed with the Court and served on the Defendant is missing two pages and twelve (12) paragraphs and is incomplete and incomprehensible, Defendant is unable to frame a proper response to this Complaint.

6. Further, the eight (8) pages of Plaintiff's Complaint which were filed with the Court and served on Defendant purport to allege a cause of action for breach of the insurance contract and to seek a declaratory judgment. However, due to the incomplete and missing paragraphs, the first two counts of the Complaint do not allege any breach of the insurance contract or explain the nature of the declaratory judgment which is sought or why it is sought. The Complaint also does not describe the nature of any breach of contract and does not provide the date of loss or amount of loss.

7. Paragraphs 6 and 7 of Plaintiff's Complaint allege that Defendant issued an insurance policy, including windstorm insurance, for a twelve-month period commencing January 26, 2005. Paragraphs 9 and 10 of Plaintiff's Complaint allege that

---

[1] Paragraph 36 of Count III also alleges that "Pursuant to the terms of the Insurance Contract, LA GORCE has a contractual right to be paid by QBE for losses or damages caused by 2005 hurricane winds." However, the Plaintiff in this action is BRICKELL PLACE, not LA GORCE.

CASE NO.: 10-23045-CIV

"In 2005, the property covered by the Insurance Contract suffered a covered loss resulting from damages sustained from hurricane winds," and that Plaintiff "reported the loss associated with the 2005 hurricane damage, and made a claim on the Insurance Contract to QBE."

8. While Plaintiff has alleged that an insurance policy was in effect during the year 2005 and Plaintiff suffered hurricane damage during the policy year, Plaintiff has failed to allege a date of loss or amount of loss. As there was more than one hurricane during the year 2005, based upon the allegations in the Complaint Defendant is unable to ascertain what Plaintiff is alleging to be the "covered loss" that is the subject of the lawsuit.

9. In addition, as paragraph 11 is incomplete and merely alleges "QBE has yet to…," Plaintiff's general allegations also fail to allege that QBE breached the insurance contract or allege how QBE allegedly breached the contract. Therefore, Plaintiff has failed to allege a necessary and material element of its claim and has failed to state a claim upon which relief can be granted. See Sabra International, Inc. v. Wells Fargo Bank, 2010 U.S. Dist. LEXIS 103319 (S.D. Fla. 2010), quoting Textron Fin. Corp. v. Lentine Marine, Inc., 630 F. Supp. 2d 1352, 1356 (S.D. Fla. 2009)("Under Florida law, the elements of breach of contract claim are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach")

10. Without factual allegations regarding the date of loss, amount of loss, the fact of breach or nature of the alleged breach, or the nature of the declaratory judgment which is sought and why it is sought, the Complaint fails to state a claim for relief and Defendant cannot reasonably be required to frame a responsive pleading.

11.    Pursuant to Federal Rule of Civil Procedure 8(a), in order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought…"

12.    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may seek to dismiss a Complaint which fails to state a claim upon which relief may be granted.  Further, Rule 12(e) provides that a party may seek a more definite statement of a pleading which is "so vague or ambiguous that the party cannot reasonably prepare a response."

13.    As Plaintiff's Complaint is incomplete and incomprehensible and is missing necessary factual allegations to state a cause of action, Defendant respectfully requests that this Honorable Court dismiss the Complaint.  In the alternative, if the Court should conclude that the Complaint states a proper claim for relief, Defendant requests a more definite statement so that Defendant can reasonably frame a responsive pleading.

14.    Federal Rule of Civil Procedure 4(c) also requires that a summons be served with a copy of the Complaint, and Rules 12(b)(2), (4) and (5) provide for dismissal due to lack of personal jurisdiction or for insufficient process or service of process.

15.    Dismissal is proper where a claimant serves an incomplete copy of a Complaint on a defendant as service of a partial Complaint does not constitute proper service of process under the federal rules.  Where service of process is deficient, the Court lacks personal jurisdiction over the defendant.  See Cherry v. Spence, 249 F.R.D. 226 (E.D.N.C. 2008)(motion to dismiss was granted because only part of complaint was

CASE NO.: 10-23045-CIV

served on defendants and Court found that "service of a partial complaint is insufficient" and supports dismissal under Rule (12)(b)); <u>Patterson v. Brown</u>, 2008 U.S. Dist. LEXIS 9312, 2008 WL 219965, at *9-*11 (W.D.N.C. 2008)(*unpublished*) *rev. in part on other grounds at* <u>Patterson v. Whitlock</u>, 2010 U.S. App. LEXIS 17626 (4th Cir. 2010)(dismissal was property because service of process was insufficient where several pages were missing from complaint served on defendant).

16. Therefore, because service of process was defective and the Court lacks personal jurisdiction over Defendant, the Complaint should be dismissed.

WHEREFORE the Defendant, QBE INSURANCE CORPORATION, respectfully requests this Honorable Court enter an Order dismissing the Complaint, and grant such further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF on this 22nd day of December, 2010, and that a true and correct copy of the foregoing was served on this date by CM/ECF to all counsel of record or pro se parties, including: Richard A. Alayon, Esq., Alayon & Associates, LLP, 4551 Ponce de Leon Blvd., Coral Gables, Florida 33146; and William S. Berk, Esq., Berk Merchant & Sims, PLC, 2 Alhambra Plaza, Suite 700, Coral Gables, Florida  33134.

C. DEBORAH BAIN, P.A.
840 U.S. Highway 1
Suite 305
N. Palm Beach, FL 33408
Telephone: (561) 630-1917
Facsimile: (561) 630-1918


  ___*/s/ C. Deborah Bain*___
C. Deborah Bain, Esq.
Florida Bar No.: 857637